**In re John P. BURNS, Jr., Debtor.**

**Bankruptcy No. 81–00907–A.**

United States Bankruptcy Court,
E.D. Virginia.

Oct. 29, 1982.

John P. Burns, pro se.

## MEMORANDUM OPINION AND ORDER

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This cause came on to be heard upon the Motion of the debtor for leave to file a Homestead Deed in this matter which has been converted from a proceeding under Chapter 13 of Title 11, United States Code, to a proceeding under Chapter 7 of said Title. The debtor filed his Motion to convert to Chapter 7 on April 28, 1982, and an order of conversion was entered by this Court on April 30, 1982. The debtor subsequently filed his Motion for leave to file a Homestead Deed upon which the Court held a hearing on July 15, 1982 at which the debtor stated that the two days which elapsed between the filing of the Motion to convert to Chapter 7 and the granting of said motion did not allow him sufficient time to file a Homestead Deed.

Section 34–17 of the Code of Virginia (1950), as amended, requires a debtor who desires to claim as exempt either real or personal property under Virginia Code § 34–4 to set apart said property by the filing of a Homestead Deed in the proper jurisdiction "before or on the same day that he files his [voluntary] petition but not thereafter." The debtor herein failed to file such Homestead Deed on or before the day he filed his petition in this Court, or to file a list of property claimed as exempt on Schedule B–4 of his original Chapter 13 petition, filed August 10, 1981. The ruling of the Fourth Circuit Court of Appeals in *Zimmerman v. Morgan,* 689 F.2d 471 (4th Cir., 1982) establishes that the provisions of the Virginia Code are controlling in this matter. IT IS, THEREFORE,

ORDERED, that the Motion of the debtor for leave to file a Homestead Deed be, and it hereby is, denied.